924 F.2d 1051
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Barbara J. ENDERS, as the Administratrix of the Estate of
Allen Ray Enders (Deceased) and Individually and as the
Guardian Ad Litem, Next Friend, Natural Mother and Custodial
Parent of Jessica Rae Enders, (a minor child under the age
eight (8) years), Lauren Elizabeth Enders (a minor child
under the age six (6) years) and Kyle Allen Enders (a minor
child under the age three (3) years), Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-1426.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 8, 1991.
Decided Feb. 4, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., District Judge. (CA-89-557-N)
 Russell H. Putnam, Jr., the Austin Law Firm, Columbia, S.C., for appellants.
 Michael Anson Rhine, Assistant United States Attorney, Norfolk, Va. (Argued) for appellee; Henry E. Hudson, United States Attorney, Norfolk, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before K.K. HALL and CHAPMAN, Circuit Judges, and JOHN T. COPENHAVER, Jr., United States District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Barbara Enders appeals the district court's dismissal of an action she brought against the United States under the Federal Tort Claims Act. Enders' complaint asserted that her husband's suicide, while he was an active-duty member of the armed forces, resulted from the malpractice of psychiatrists employed by the Navy at Portsmouth Naval Hospital. The district court held, and Enders concedes, that Feres v. United States, 340 U.S. 135 (1950), bars her claim. See Appelhans v. United States, 877 F.2d 309 (4th Cir.1989); Kendrick v. United States, 877 F.2d 1201 (4th Cir.1989). Nonetheless, she argues that Feres ought to be overruled.
 
 
 2
 Feres is not an obscure case from the dim past that we might conclude has been silently displaced by the progress of law; it has been consistently followed to this day notwithstanding the adverse academic opinion appellant cites. E.g., Appelhans, 877 F.2d at 313; United States v. Johnson, 481 U.S. 681 (1987). Accordingly, it binds this Court, and the judgment of the district court must be affirmed.
 
 
 3
 AFFIRMED.